DR. A. WATKINS, Appellant, v. J. C. POWELL, et al.

Practice on Appeal: REVIEW. The Supreme Court will not review
1   questions of fact where there is no statement whatever concerning
    what the abstract contains.

PRESUMPTION FOR COURT BELOW. On appeal it will be presumed
2   that a finding of fact in a law action was supported by sufficient
    evidence, unless the contrary appears.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

WEDNESDAY, OCTOBER 14, 1896.

THE following is appellant's statements of facts, on which is based his argument: "On the 19th day of June, A. D. 1893, Jennie B. Baylies, acting through her husband, Frank A. Baylies, leased to Ira L. A. Ward the store room on the corner of East Sixth and Walnut Streets, in Des Moines, Iowa, for the term of one year thereafter, at the rate of fifty dollars per month, to be paid monthly in advance. The said Ward immediately took possession of said building, and placed therein a stock of buggies and other vehicles for sale. On the 3d day of August, A. D.

1893, the said Ward sold and conveyed to the plaintiff herein a quantity of the vehicles then in the store, and gave to plaintiff a bill of sale thereof, and the same was filed for record on the same day. On the 16th day of November, A. D. 1893, the said Jennie B. Baylies commenced her suit in attachment against the said Ward, and attached the buggies in the hands of Dr. Watkins, plaintiff, and recovered judgment for all the rent accrued up to the date of assignment, together with attorney's fees and costs, which sums the plaintiff paid in full. On the 3d day of October, A. D. 1893, Baylies sold the leased premises to the defendant, Powell, and assigned the rents accruing on the lease after said date. On the 28th day of February, A. D. 1894, the defendant J. C. Powell commenced his suit in attachment against the said Ward, and attached all the goods in the hands of the plaintiff herein which he had purchased from the said Ward. Plaintiff brings this action to recover the goods in question, or the value thereof." The cause was tried to the court without a jury. Judgment entered for defendants, from which the plaintiff appealed.—*Affirmed.*

*Nugent & Connolly* and *A. M. Miller* for appellant.

*James A. Merritt* for appellees.

Granger, J.—The lien by virtue of which the plaintiff seized the property, was that of a landlord, the property having been stored on the leased premises. Appellant closes his argument in reply by saying that there is nothing to consider aside from the question: "Was the lien of the landlord waived or in any manner released upon the buggies purchased by the plaintiff?" Appellant argues the proposition as governed by the intention of the parties when plaintiff

removed the property from the building, and that plaintiff should not be liable for rent accruing after the assignment of the lease to defendant Powell. He treats it as a question of fact, and refers to evidence. There is no statement whatever of what the abstract contains. It may contain all, and may not contain a fourth, of the evidence. We cannot, with such a state of record, consider a question of fact. This point is made by appellees, but appellant refers to a finding of facts by the court, which is in the abstract. The finding shows that the district court must have found that there was no waiver or release, if it found on that question at all, for it found that the lien existed, which of course could not be if it had been waived or released. It is a law action, and the presumptions are in favor of the judgment as to matters of fact, until the contrary appears.

There is a motion to strike appellees' abstract from the files. Our conclusions are without regard to such abstract. Appellant's abstract does not of itself show that it is one of all the evidence in the case. The judgment is AFFIRMED.